EASTERN DIST.
*June*, 1840.

SERAPURN, SYN-
DIC, ETC.
*vs.*
BOUSQUET ET AL.

SERAPURN, SYNDIC, ETC. *vs.* BOUSQUET, ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a slave died from a disease which was not incurable by its nature, nor had become so by the progress it had made at the time of the sale, and it is shown that the slave did not receive from the purchaser all the necessary care and medical attendance which the malady required, and it was in his power to give, he cannot recover back the *price* he had paid, in a redhibitory action or exception.

Where purchasers of a slave, who became sick and died soon after, did not act as prudent men would have done, and the loss of the slave may be attributed to their fault and neglect, they cannot avail themselves of redhibition.

This is an action against the maker of a promissory note for five hundred and fifty-two dollars. The defendants admit their signatures to the note, but aver that it was given for the price of a slave, guaranteed against all the vices and maladies prescribed by law; and that, in a few weeks after the sale, said slave died of a disease known to the seller at the time, and to the knowledge of the present plaintiffs; and that, in consequence, the consideration of said note has failed. They also plead the want of amicable demand, and reconvene and claim five hundred dollars in damages.

The testimony of two physicians was taken. One deposed, that three days after the sale he was called in, and

EASTERN DIST.
June, 1840.
─────────
SERAPURN, SYN-
DIC, ETC.
vs.
BOUSQUET ET AL. the negro boy was affected with a *gastro autérite,* and he cannot say how long since the disease commenced ; is of opinion it existed before the sale, but was not incurable by its nature, or by the progress it had made at the time. The other states, it was through the fault and neglect of defendants, and the want of regular medical aid for nearly a month, that caused the boy's death. It was also in evidence that, at the time of sale, it was proclaimed to the bystanders that the boy Adolphe was sick of a fever, and had been so for three or four days, but was guaranteed in other respects. The price of the slave was four hundred and thirty dollars, which was included in the note sued on.

The district judge was of opinion the boy died of a redhibitory disease, and that the defendants should be allowed the price, and have it deducted from the amount of the note. Judgment was rendered accordingly, and the plaintiff appealed.

*M. Blache,* for the appellants, insisted that it was fully shown that the disease of which the slave died was not incurable, but that he died through the fault and neglect of defendants.

2. It was incumbent on the defendants to show, that they had done every thing in their power to effect the recovery of the slave, but in vain ; that the disease had baffled all medical skill, after every attention had been paid to ensure his recovery : had all this been done, they might, perhaps, have been entitled to a rescission of the sale. The judgment, as it stands, should be reversed, and one given for the plaintiffs.

*Pepin,* for the defendants and appellees, contended that the boy died of a disease which existed at the time of sale, and which proved incurable, after calling in medical aid. It is said the disease was not incurable in its nature. In this respect, no disease may be said to be incurable ; but when death ensues after medical aid has been given, it proves incurable, to all intents and purposes.

2. The evidence shows that the boy was well taken care of. Two physicians were called in, and their skill and aid

afforded him, but to no purpose. The judge who tried the case, was of opinion the redhibition was fully established. This court will not disturb a judgment or verdict, unless manifestly erroneous.

EASTERN DIST.
*June*, 1840.

SERAPURN. SYN-
DIC, ETC.
*vs.*
BOUSQUET ET AL.

*Simon, J.*, delivered the opinion of the court.

This suit is brought on a promissory note. The defendants admit their signature, and aver that the note was given in consideration of the sale of a negro boy, warranted free from any of the vices and maladies pointed out by law, but that a few weeks after the sale, the negro died; and that his death was occasioned by a disease which, within the knowledge of the plaintiffs, he was afflicted with at the time of the sale.

The district judge deducted the price of the slave from the amount of the note, and gave judgment for the balance in favor of plaintiffs, who, being dissatisfied therewith, took the present appeal.

Several witnesses have been examined, to prove the cause of the death of the slave; and their evidence shows that his death was produced by an acute disease, that had just made its appearance at the time of the adjudication, and which the physicians who have testified, qualify to be a *gastro autérite*. The existence of this malady, which lasted for about a month, was ascertained two or three days after the sale at auction; and although defendants could not have been deprived of their recourse in warranty, because it was announced at the time, that the negro had been sick with the fever for three or four days previous, still, it was a sufficient warning to induce them, as prudent men, to procure medical aid, and to have the negro regularly attended to by a physician. According to the opinion of the two physicians, one of whom was called only once, two or three days after the adjudication; and the other, two or three days before the death of the negro, and when, as he states, the slave was in the last period of the malady, and in a desperate state. The disease was not incurable by its nature, nor had it become so by the progress it had made at the time of the adjudication. Had it been pro-

*Where a slave died from a disease which was not incurable by its nature, nor had it become so by the progress it had made at the time of the sale, and it is shown that the slave did not receive from the purchaser all the necessary care and medical attendance which the malady required, and it was in his power to give, he cannot recover back the* price *he had paid, in a redhibitory action or exception.*

EASTERN DIST.

*June,* 1840.

ven by the defendants, that the slave had received at their hands all the necessary care and assistance, and that they had done every thing in their power to effect his recovery, by affording him such medical aid as the nature of his malady required, there would have been no doubt, under the circumstances, of their being entitled to the reimbursement of the price and of the expenses; but it appearing, from the evidence, that they did not act as prudent men would have done, and that, so far as it has been shown, the death of the slave may be attributed to their fault and neglect, we think they ought not to recover, and that the district judge erred in discharging them from the obligation of paying the price of the slave.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and that the plaintiffs do recover of the defendants, the sum of five hundred and fifty-two dollars, with five per cent. interest per annum thereon, from the 3d of April, 1838, until paid, with the cost of protest, and costs in both courts.