P. L. Roussel *v.* S. Phipps, Testamentary Executor—S. Phipps, Testamentary Executor *v.* P. S. Roussel.

This action was to reduce the price of a slave on the ground that she was at the time of the sale, affected with a redhibitory disease. A physician was called in to see the slave one month after the sale. He informed the purchaser that she was too far gone for him do anything but afford temporary relief—the health of the girl continued declining, she was sometimes employed in field work, and sometimes in cooking, but the greater part of her time she was confined to her bed. Four months from the first visit the physician was again called in, and in a short time he visited her twice. About two weeks after the last visit the slave died: *Held :* The purchaser should have placed the slave under continued medical treatment after the first visit of the physician had disclosed to him the serious nature of the complaint, or at once have offered to return her to his vendor:

APPEAL from the District Court of the Parish of Terrebonne, *Cole,* J. *Goode,* for plaintiff. *J. C. & A. Beatty,* for defendant and appellant.

Buchanan, J. At a probate sale of the effects of the succession of *Jesse C. Wallis,* made by order of Court, on the 24th February, 1853, a negro woman slave named *Adeline,* aged 23 years, and her three children were adjudicated to *Pierre L. Roussel,* for the sum of eighteen hundred dollars, payable, one-third in all March, 1854, one-third in all March, 1855, and one-third in all March, 1856. In February, 1854, *Roussel* brought an action *quanti minoris* against the executrix of *Wallis*'s estate, alleging that the slave *Adeline* had died, since the sale, of a disease of the lungs, with which disease she had been affected at the time of the sale ; and claiming to have eight hundred dollars deducted from the price, in consequence of the death of said *Adeline.* In April, 1854, the executrix brought suit against *Roussel* for the first installment of the price of the slaves, which installment was then past due and unpaid. The court ordered the two suits to be consolidated ; and the question for examination is, whether a case for reduction of price has been made out on the part of the purchaser.

The evidence shows that some days, or perhaps some weeks, after the purchase, (for the witness is uncertain as to the time) the slave *Adeline* complained of being sick—her symptoms, shortness of breath and tumors. Her belly also appeared swollen. A physician was called in on the 19th March, about a month after the sale, who testifies that he found her laboring under a pulmonary disease which in his opinion had existed at least six months. By auscultation he detected a cavity in the upper lobe of the right lung, and at once told *Mr. Roussel* that he thought she was too far gone to do anything for her except to afford temporary relief. From this time we are informed that the health of the girl continued declining. She was occasionally employed in cooking and in field work, but was the greater part of the time confined to her bed. On the 16th July, four months after his first visit, the physician paid her a second visit, and two more on the 30th and 31st August. She died on the 14th September. We are of opinion that it was incumbent on the purchaser, either to have placed the slave under continued medical treatment after the first visit of the physician had disclosed to him the serious nature and threatening aspect of her complaint, or at once have offered to return her to his vendor. Having failed to do either, he must support the loss.

ROUSSEL
*v.*
PHIPPS.

It is therefore adjudged and decreed that the judgment of the District Court in these consolidated cases be reversed; and it is further decreed, that *Sarah Phipps*, executrix of *Jesse C. Wallis*, recover of *Pierre L. Roussel*, and of *Marie Madeleine Roussel*, in solido, in suit No. 1186 of the docket of the District Court, the sum of one thousand and sixty-six dollars and sixty-six cents, with interest at eight per cent. from 3d April, 1854, until paid, with mortgage and privilege of vendor upon the slaves mentioned in her petitition, and costs in both courts; and that in suit No. 1151 there be judgment for defendant.