## Louis Folse *v.* E. E. Kittridge.

A party cannot succeed in a redhibitory action, when he fails to establish clearly that the disease of which the slave died, existed at the time of the sale, and when it appears that he had not resorted to medical aid for some months after the sale.

A deposition of a witness residing out of the State, taken under commission, which was issued without the necessary affidavit, should not be received in evidence.

APPEAL from the District Court of the Parish of Assumption, *Roman,* J. A. *Gentile,* for plaintiff. *J. H. Ilsley,* for defendant and appellant.

Buchanan, J. The defendant being sued for the price of two slaves sold to him by the plaintiffs, pleads redhibition as to one of the slaves ; alleging that said slave was affected, at and previous to the sale, with an incurable redhibitory disease, which was the cause of his death, to wit, a complicated affection of the thoracic and abdominal viscera.

The slave *Adam* was sold by plaintiff to defendant on the 1st of April, 1857. He died on the 22d of February, 1858. A *post mortem* examination, by dissection, was made by a physician, who proves that the heart and kidneys were found in a diseased condition. His opinion is, that the cause of the death of the slave was disease of the heart. He thinks it was chronic—that it may have existed for several months before the death.

Defendant has failed to make the proof required to succeed in a redhibitory action. The testimony does not establish that the disease of which the slave *Adam* died, existed at the time of the sale.

Besides, it is not proved that the slave received any medical treatment, while in defendant's possession, until November, 1857, which was eight months after the sale. 1 Rob. 412 ; 15 La. 509 ; 12 An. 408.

There is a bill of exceptions to the rejection of a deposition taken under commission in the State of Georgia. The commission was directed to any Justice of the Peace of any county of the State of Georgia. The objections were, that no affidavit had been made when the commission was applied for, as required by Article 436 of the Code of Practice ; and that the capacity of the Magistrate who executed the commission, was not authenticated according to the Act of Congress. But these objections appear well taken. The counsel of defendant urges in this court, that the first objection should have been made before the commission issued. He has cited no authority for this doctrine. Plaintiff did not cross the interrogatories, which might have been considered a waiver of the affidavit. Neither did defendant take a rule to show cause preliminary to the trial, why the return of the commission should not be received in evidence.

The appellee's counsel, *in his brief,* asks that the judgment be amended by decreeing him the vendor's privilege upon the surviving slave. This application is not in the form required by Articles 888 and 889 of the Code of Practice.

Judgment affirmed, with costs.