———o———

No. 5651.

**KILDUFF & BEALL vs. THOS. C. KING.**

Syllabus.

However broad the terms of a warranty against the defects in the thing sold, they must be taken with this limitation, that the vendee must not through any fault of his have contributed to aggravate those defects.

Appeal from the Civil District Court, for the Parish of Orleans, Division "A," No. 98,573. Hon. T. C. W. Ellis, Judge.

Hughes & Hannon, for plaintiff and appellee.

Dart, Kernan & Dart and Thomas G. King, for defendant and appellant.

His Honor, JOHN ST, PAUL, rendered the opinion and decree of the Court as follows:

Plaintiffs sue on a promissory note; defendant pleads failure of consideration, in this, that the note was given in payment for a horse which died four days after the purchase.

The evidence shows that at the time of the sale the horse was suffering from a latent redhibitory vice of which plaintiff had no knowledge; that defendant however, had the horse examined by a skilled veterinary surgeon who disclosed the animal's condition to defendant and advised against the purchase.

But being much in need of a horse, defendant nevertheless made the purchase, under an alleged agreement made with plaintiffs' agent, that if the horse proved unsatisfactory he might be exchanged within thirty days.

That day the horse was made to do a hard day's work, being kept in harness two or three hours beyond the usual time.

When he was brought in the driver notified defendant that the horse was unfit for the service, and showed signs of breaking down. But notwithstanding this second warning, defendant had the horse worked equally as hard all the next day. The third day the horse could not be gotten out of his stall, and a day or two afterwards he died.

It is therefore clear that whatever the previous unsound condition of the horse, it must have been greatly

aggravated by the severe treatment accorded him through known at the time to be unfit and unsound.

Now the general rule is that one who purchases with knowledge of the defects in the thing sold has no recourse against his vendor unless there was a specific warranty given.

In the case at bar there appears to have been some such warranty; but however broad the terms of a warranty against such defects, it is clear that they must be taken with this limitation, that the vendee must not through any fault of his have contributed to aggravate those defects (see, **Serapurn vs. Bousquet, 15 La., 509**; also, **Hennen's Digest, Vol II, p. 1358, No. 4**).

We think the treatment received by the animal did contribute to aggravate his previous unsound condition, and so also must have thought the District Judge, whose judgment was for plaintiff.

The judgment is correct.

Judgment affirmed.

Opinion and decree, January 27th, 1913.

Dufour, J., takes no part.