No. 1210

First Circuit

MUNSON v. SIMON

(May 3, 1927.  Opinion and Decree.)
(June 7, 1927.  Rehearing Refused.)

(*Syllabus by the Editor.*)

1.  **Louisiana Digest—Sales—Par.** 84, 242.

In view of Articles 2520-2529 of the Civil Code in an action to rescind the sale of a mule on account of disease it is not necessary to allege that the disease is *incurable.*

2.  **Louisiana Digest—Sales—Par.** 79, 243.

Where the seller guaranteed a mule to be sound for farming and three days afterwards a lameness manifested itself, it must have existed when it was sold and the sale is properly rescinded.

3.  **Louisiana Digest—Sales—Par.** 86.

In the rescission of the sale of a mule, the *price is ordered returned* together with the expense incurred in feeding and taking care of the mule.

Appeal from the Parish of East Baton Rouge. Hon George K. Favrot, Judge.

Action by Hollis T. Munson against Victor Simon.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Benton & Benton, of Baton Rouge, attorneys for defendant, appellant.

ELLIOTT, J.  Suit to rescind the sale of a mule on account of vices of body and

to recover the price paid and expenses for preserving the mule.

The plaintiff, H. T. Munson, bought a mule from the defendant, Simon, on or about April 12, 1926, for use on his farm. He alleges that the price of the mule, $125.00, was paid at the time of purchase. That when put to work pulling a light harrow, on the third day after the sale, he discovered that it was affected with shoulder lameness to the extent that it was not fit to do the plantation work for which it had been bought. That said lameness was not due to any fault on his part. That defendant had assured and guaranteed him that the mule was free from vices of that kind. That he had tendered the mule back and requested the return of the price, but defendant declined to receive it or to return the money paid for it, and turned it out on the streets of Baton Rouge. That defendant was compelled to take it up and feed it at an expense of $53.70. He sues to rescind the sale, recover the price paid, also the sum expended for the feed and care of the mule.

Defendant denies plaintiff's allegations; but as a witness he admits selling plaintiff the mule, but contends that the price was $100.00 instead of the amount alleged by plaintiff. He also testifies that he visited plaintiff's plantation, at plaintiff's request, and looked at the mule. He offered to tender as evidence a conversation which he contends took place in plaintiff's absence near plaintiff's mule lot, between himself, Simon, and a hired man on plaintiff's place, contending that this conversation would show that the hired man was plaintiff's agent, and that the hired man's statements as to the manner in which the mule received a possible injury was admissible and binding on the plaintiff. Plaintiff objected to the evidence on the ground that it was hearsay; the court sustained the objection and refused to hear the evidence. Defendant contends that this ruling was erroneous.

The ruling was correct; nothing appears from the proffer that the hired man could have been plaintiff's agent and representative, and as such, authorized to bind him by statements made out of his presence concerning some way in which the mule might have received an injury while in plaintiff's possession. The testimony of the hired man, if wanted, should have been taken as the law provides.

Defendant filed in this court an exception that plaintiff's petition disclosed no right or cause of action, based on the ground that plaintiff does not allege that the disease of the mule was incurabe, citing: St. Romes vs. Pore, 10 Mart. (O. S.) 30; Reynaud & Sucko vs. Guillotte & Boisfontaine, 1 Mart. (N. S.) 227; Barthet vs. Audry, 14 La. 32; Serapurn vs. Bousquet, 15 La. 509; Lyons vs. Kenner, 2 Rob. 50; Roussel vs. Phipps, 10 La. Ann. 119.

These cases each refer to redhibitory defects in slaves; but suppose them to be applicable to animals, they are not controlling in this case.

Plaintiff's allegations come within the provisions of Civil Code, Article 2520 and 2529.

On the merits of the case nothing indicates that the mule was injured after plaintiff bought it; the lameness manifested itself in three days after the sale, and must have existed when it was sold to the plaintiff.

The defendant guaranteed plaintiff against vices of the kind. The condition of the mule is such that plaintiff would

not have bought it if he had known that such a defect existed.

The sale was properly rescinded, the price ordered returned, together with the expense incurred by plaintiff for feeding and taking care of the mule.

Judgment affirmed; defendant and appellant to pay the cost in both courts.